## MEADE v. GOLDMAN.

(Supreme Court, Appellate Division, Second Department. June 2, 1911.)

1. MUNICIPAL CORPORATIONS (§ 706*)—NEGLIGENCE OF TRUCK DRIVER—EVIDENCE—WEIGHT.

　　Finding that driver of a truck, from which a box fell when the truck was jarred by a hole in the street, injuring a pedestrian, was not negligent, *held* against the evidence.

　　[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 706.*]

2. DAMAGES (§ 177*)—EVIDENCE—MEDICAL EXPENSE.

　　One suing for personal injury is not entitled to show payments to a physician and an apothecary, without showing necessity for the drugs and services.

　　[Ed. Note.—For other cases, see Damages, Cent. Dig. § 494; Dec. Dig. § 177.*]

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by Clifford E. Meade against Benjamin Goldman. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Lawrence W. Trowbridge, for appellant.
Arthur Weil, for respondent.

THOMAS, J. [1] Plaintiff and another were walking southerly on West street, in the city of New York, when a large and heavy box fell from the end of a truck that had turned from West street and entered Duane street, and injured the plaintiff. The court's finding that the defendant was not negligent was probably based upon the evidence that the cases were secured by a rope and by three rungs on the end of the truck, and that a hole in the street so jarred the truck as to displace the rung and allow the case to fall. The hole was a foot and a half wide, about half of a foot deep and ten feet long, as the driver states, and the truck entered it with such force as to displace the rung and carry it "away in on the floor of the truck," to stop the truck instantly, turn the horses around somewhat, and almost throw the driver from the truck. The driver testified:

"As I swung into Duane street, I heard a terrible jar, and I stopped and looked. * * * I felt the jar."

The driver seems to have been so inattentive that he did not see the hole previous to the terrible jar, and, although he states that his·horses were walking slowly, the management of them was such that the truck

was allowed to jounce into the hole in such manner as to produce serious consequences to it and resulting injury to the pedestrian. Reasonably careful driving is not indicated by this history, and the finding exculpating the defendant is not supported by the evidence. The negligent driving, and not the hole, was the proximate cause.

[2] The plaintiff was injured to some extent, and while his testimony of payments to the doctor and the apothecary was incompetent, in absence of evidence of the necessity of the drugs and services, there was proof of some damage.

The judgment should be reversed, and a new trial ordered; costs to abide the event. All concur.